BRETT L. TOLMAN, U.S. Attorney (#8821)
STEPHEN J. SORENSON, Assistant U.S. Attorney (#3049)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682
Email:  Stephen.Sorenson@usdoj.gov
Associated Local Counsel

Mary Jo O'Neill   AZ #005924 (Pro Hac Vice)
Sally C.  Shanley  AZ#012251 (Pro Hac Vice)
Valerie L. Meyer  CA #228586 (Pro Hac Vice)
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5032
Email:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         valerie.meyer@eeoc.gov

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>REID SCHOOL, INC.,<br><br>Defendant. | Case No.  2:06CV831 TC<br><br>COMPLAINT AND JURY DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I

of the Civil Rights Act of 1991, against Defendant Reid School, Inc., to correct unlawful

-1-

employment practices on the bases of sex and pregnancy, and to provide appropriate relief to Tawna Pippin, who was adversely affected by such practices.  The Equal Employment Opportunity Commission, ("EEOC" or "Commission"), alleges that Defendant discharged and/or failed to hire Ms. Pippin because of her sex and pregnancy

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3. Plaintiff, the EEOC, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Reid School, Inc. has continuously been and is now doing business in the State of Utah, and has continuously had at least fifteen

employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Tawna Pippin filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least March 2002, Defendant has engaged in unlawful employment practices in Salt Lake City, Utah, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant terminated and/or failed to hir Tawna Pippin because of her sex and pregnancy.

8.     The effect of the practices complained of above has been to deprive Tawna Pippin of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and pregnancy.

9.     The unlawful employment practices complained of in paragraphs 7-8 above were intentional.

10.    The unlawful employment practices complained of in paragraphs 7-8 above were done with malice or with reckless indifference to the federally protected rights of Tawna Pippin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Reid School, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the bases of sex or pregnancy.

B. Order the Defendant, Defendant Reid School, Inc. to institute and carry out policies, practices and programs which provide equal employment opportunities for female and pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant, Reid School, Inc., to make whole Tawna Pippin by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order the Defendant, Reid School, Inc., to make whole Tawna Pippin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10 above, including but not limited to costs incurred for obtaining subsequent employment and relocation expenses, in amounts to be determined at trial.

E. Order the Defendant Reid School, Inc., to make whole Tawna Pippin, by

providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10 above, including but not limited to, pain and suffering, mental anguish, humiliation, embarrassment, emotional distress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order the Defendant, Reid School, Inc., to pay Tawna Pippin punitive damages for its malicious conduct or reckless indifference described and referenced in paragraphs 7-10 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 27th day of September, 2006.

| | |
|---|---|
| Brett L. Tolman<br>United States Attorney<br><br>s/Stephen J. Sorenson<br>Stephen J. Sorenson<br>Civil Chief<br><br><br>UNITED STATES ATTORNEY<br>185 S. State #400<br>Salt Lake City, Utah 84111<br><br>Associated Local Counsel for Plaintiff | Ronald S. Cooper<br>General Counsel<br><br>James L. Lee<br>Deputy General Counsel<br><br>Gwendolyn Young Reams<br>Associate General Counsel<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C.  20507<br><br>s/ Mary Jo O'Neill<br>Mary Jo O'Neill<br>Regional Attorney<br><br>s/Sally C. Shanley<br>Sally C. Shanley<br>Supervisory Trial Attorney<br><br>s/Valerie L. Meyer<br>Valerie L. Meyer<br>Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Phoenix District Office<br>3300 N. Central Ave., Suite 690<br>Phoenix, Arizona  85012<br><br>Attorneys for Plaintiff |